IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 24 CR 503 |
| | ) | |
| v. | ) | Honorable Matthew Kennelly |
| | ) | Judge Presiding |
| RAMONE BRADLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR TEMPORARY RELEASE**

NOW COMES Defendant, RAMONE BRADLEY, by the undersigned counsel, requesting that this Court review his detention and order his temporary release. In support, Bradley states the following:

**I.　BACKGROUND**

Defendant Bradley is charged with Conspiracy to Commit Carjacking (18 U.S.C. 371) and Attempted Carjacking (18 U.S.C. 2119). At the time of his indictment in this case, Bradley was in state custody and faced charges for the attempt. He had been arrested and charged in that case on September 3, 2024. When he was arrested, he did not resist; there was no indication that he possessed any firearms, and he did not try to flee.

He had initially been arrested in that case on November 3, 2022, but was subsequently released. It was two years before the detention hearing. During that

time, Bradley had not been accused of any criminal activity. Instead, he was working, living with his longtime girlfriend, and helping to raise her child. This passage of time serves as evidence that Bradley is not currently a danger. "Staleness is a relevant fact for a court to consider when deciding whether to revoke release." *United States v. Storme*, 83 F.4th 1078, 1082 (7th Cir. 2023).

There is no reason to believe that, if temporarily released, Bradley would pose a danger to anyone. Instead, comparable data supports the belief that he would return to the same lifestyle he adopted since these events. Law-abiding citizens do not suddenly turn to a life of crime. For the two years following his initial arrest on these charges and during his subsequent release, Bradley has "straightened up."

## II. BRADLEY SHOULD BE RELEASED

While the charges against Bradley are serious, he poses neither a risk of fleeing nor a danger to the community. The Court recently released Davis, a codefendant, without incident. Mr. Bradley is asking for similar treatment. (Davis is charged with two incidents vs. Bradley's one).

18 U.S.C. §3142(g) sets forth the factors to be considered when determining whether there are any conditions "that will reasonably assure the appearance of the person as required and the safety of any other persons and the community." They are: (i) the nature and circumstance of the offense charged, including whether the offense is a crime of violence; (ii) the weight and evidence against the person; (iii) the history and characteristics of the person; (iv) the nature and seriousness of the danger to any person in the community that would be posed by the person's release.

i. Nature and circumstances of the offense: The defendant does not dispute that these are serious charges.

ii. The weight of the evidence: The government believes that the evidence presented is substantial. For bail, Bradley will accept the government's perspective.

iii. The history and characteristics of the defendant reveal that Bradley has one felony conviction related to a firearm and has successfully completed his probation for that offense.

iv. Danger to the community. There is no evidence that Bradley poses a current threat to the community. That is our primary concern. This court must assess whether he should be released now, not whether he should have been released in 2022 when the crime occurred. The only evidence from the past three years indicates that he has been working and living a law-abiding life.

Mr. Bradley had a daughter born on June 27, 2024. He was arrested shortly thereafter for an offense that occurred years earlier. It was an unexpected event. He would welcome the chance to spend a brief period with her. When he was arrested, she was three months old; now she is a year old.

Mr. Bradley is requesting to be released with location monitoring. He would return home to live with his girlfriend and their child. Bradley's girlfriend works as a greeter at Walmart from 2:00 PM to 11:00 PM. His sister is willing to act as a co-custodian alongside his girlfriend and can come to the residence to supervise him while his girlfriend is at work, if the Court requires it. Clearly, location monitoring

combined with home detention would ensure the community's safety. Bradley would need to stay inside his residence, which means he would not pose a danger to the community.

At the time of the offense, Mr. Bradley was only 24 years old. As noted by Davis, the brains of younger offenders — even those in their mid-twenties — differ from those of fully developed adults. *See U.S.* SENTENCING GUIDELINES MANUAL, supp. to app. C, amend 829 (U.S. SENTENCING COMM'N 2024) ("Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships."). Younger individuals tend to act impulsively, misjudge risks and consequences, and have difficulty with consistent, rational decision-making. *Id.*

In the end, Bradley is simply asking for two weeks, like Davis, for a brief release to visit family and settle his affairs. After all, the events mentioned occurred in 2022, and he was not arrested until 2024. His arrest was not anticipated or planned. In the meantime, he has led a law-abiding life.

WHEREFORE, defendant Ramone Bradley, respectfully requests that this Honorable Court review the prior decision and grant him release with appropriate conditions.

          Respectfully submitted,

          /s/ Steven A. Greenberg

**STEVEN A. GREENBERG**
**GREENBERG TRIAL LAWYERS**
**Attorney at Law**
**53 W. Jackson Blvd., Suite 315**
**Chicago, IL 60604**
**(312) 879-9500**
**Steve@GreenbergCD.com**